1368

Danillo ESPINAL, Sr.; Argentian Espinal, a/k/a Elisa Espinal; Mercedes Espinal, as Guardian ad Litem for Danillo Espinal, Jr., a minor, Mercedes Espinal; and Nueika Espinal, Appellants-Respondents v. Wayne BLACKMON and East Coast Transportation Company a/k/a East Coast Transportation, Inc., of whom East Coast Transportation, Inc. is Respondent, and Wayne Blackmon is Respondent-Appellant.

(381 S. E. (2d) 921)

Court of Appeals

*Alice S. Moore,* of *Gertz, Kastanes & Moore,* Columbia, *for appellants-respondents.*

*Thomas C. Cofield* and *R. Lewis Johnson,* of *Barnes, Alford, Stork & Johnson,* Columbia, *for respondent* and *respondent-appellant.*

Heard June 5, 1989.

Decided July 3, 1989.

LITTLEJOHN, Judge:

The plaintiffs (several members of the Espinal family) brought this action in the Court of Common Pleas for Richland County, South Carolina, to enforce judgments against defendants Wayne Blackmon and East Coast Transportation Company, which judgments were procured in the State of Connecticut through default. The original actions arose out of an automobile-truck collision occurring in Connecticut in April 1979. At the time Blackmon was allegedly an employee of the Kendall Company and was operating a truck allegedly owned by defendant East Coast Transportation Company. Neither Blackmon nor East Coast were residents of nor had their principal places of business in Connecticut.

The Connecticut actions were commenced in 1981 by service of summonses and complaints on both Blackmon and East Coast through the Commissioner of Motor Vehicles for the State of Connecticut pursuant to Connecticut's Nonresident Motorist Statute, Section 52-62 of the Connecticut general statutes annotated. Both defendants received actual notice of the actions. Both defaulted.

In 1983 the plaintiffs Espinals amended their complaints to allege that Blackmon was an agent or servant of East Coast and both defendants were again served pursuant to the Nonresident Motorist Statute. Both defendants again ignored service of the amended complaints. In November 1983 judgments by default were entered against both Blackmon and East Coast for a total of $90,990.83.

The basic difference between the original complaint and the amended complaint is that the original complaint alleges that the truck driven by Blackmon was owned by East Coast, whereas the amended complaint alleges that Blackmon was the agent, servant and employee of East Coast.

In 1985 the plaintiffs commenced this action in South Carolina to enforce their judgments, relying upon Article IV, Section 1, of the Constitution of the United States which requires that "Full faith and credit shall be given in each state of the public acts, records and judicial proceedings of every other state."

Both Blackmon and East Coast appear herein and answer denying that Connecticut had jurisdiction to enter a judgment against them and alleging that the Connecticut judgments were improper and invalid because they had not received notice of proceedings subsequent to service of the summonses and complaints. More specifically they deny that they had notice of motions of default or the damages hearing.

The case on its merits came to be heard before the circuit court without a jury in January 1988. The judge held that the judgments should be enforced against Blackmon but that the Connecticut court lacked jurisdiction over East Coast because Blackmon was not East Coast's agent for the purposes of the Connecticut Nonresident Motorist Statute. He dismissed the action as to East Coast and entered the Connecticut judgments against Blackmon.

The plaintiffs appeal the ruling which dismissed East Coast; Blackmon appeals the ruling which held him liable to respond to the Connecticut judgments.

In the agreed upon statement of facts, binding on all parties, it is stated that both complaints were served pursuant to the Connecticut Nonresident Motorist Statute.

The two appeals together with the additional sustaining grounds present only one basic question for determination by this Court. The Order of the trial judge recognized the pivotal question when he said:

It appears to me that the only valid defense in the case is lack of jurisdiction. If the Connecticut court had valid jurisdiction of the defendants, then any procedural deficiencies are properly the province of the Connecticut court and should be considered, if at all, there.

The validity and constitutionality of nonresident motorist statutes is well established and is no issue in this proceeding. The Connecticut General Statute Annotated, Section 52-62, allows service on, not only the agent driver of a motor vehicle, but upon his principal as well. Accordingly, no real distinction can be made between jurisdiction over an agent and his principal. The trial judge erred in attempting to make a distinction. Therefore, the Connecticut courts did acquire jurisdiction over both Blackmon and East Coast.

The amended complaints allege that Blackmon was negligent, causing damages to the plaintiffs and alleges that he, at the time, was the agent and servant of East Coast. Whether these allegations were or were not true were matters for the Connecticut court to determine. Having defaulted, both defendants admitted liability. It was, therefore, appropriate for the Connecticut court to determine the amount of damages recoverable and enter judgments.

We recognize that notwithstanding the provisions of Article IV, Section 1, of the Constitution of the United States, South Carolina courts have a right to look into a judgment obtained in another state for the purpose of determining whether that other state had jurisdiction. We think that the answers of the defendants attempt a collateral attack upon the result reached. This is not permitted.

By alleging a lack of jurisdiction, the defendants assumed

the burden or proof. In *Taylor v. Taylor,* 229 S. C. 92, 91 S. E. (2d) 876 (1956) the Supreme Court of South Carolina quoted the case of *Cook v. Cook,* 342 U. S. 126, 72 S. Ct. 157, 159, 96 L. Ed. 146 with approval as follows:

> A judgment presumes jurisdiction over the subject matter and over the persons. See *Titus v. Wallick,* 306 U. S. 282, 287, 59 S. Ct. 557, 560, 83 L. Ed. 653 [657] [(1939)]. As stated for the Court by Justice Stone in *Adams v. Saenger,* 303 U. S. 59, 62, 58 S. Ct. 454, 456, 82 L. Ed. 649 [651] [(1938)], 'if it appears on its face to be a record of a court of general jurisdiction, such jurisdiction over the cause and the parties is to be presumed unless disproved by extrinsic evidence, or by the record itself.'

Assuming, without so deciding, that the answer contests the jurisdiction of the Connecticut court, we find that the defendants have completely failed to carry the burden of proof. In addition to the court records, which appear regular on the face, there was before the court by way of evidence only an affidavit of Blackmon and portions of a deposition by him. In relevant part he avers in the affidavit: "I was an employee of the Kendall Company at the time of the accident." No reference is made of his relationship, if any there was, to East Coast.

In Blackmon's deposition we find the following: "Question: Were you working for the Kendall Company at the time of the accident? Answer: Yes, ma'am." Again no reference is made to his relationship, if any, with East Coast. Nothing is said tending to exclude agency for East Coast.

An attempt is made to contest the procedures used in the Connecticut trials. These are simply not pursuable by way of collateral attack, and we find no merit in the exceptions relative thereto.

The Connecticut judgments are regular on their face. They are entitled to the full faith and credit provisions of the Constitution of the United States. It follows that the ruling of the circuit judge as relates to Blackmon should be affirmed, and the ruling as relates to East Coast should be reversed. The case is remanded to the Court of Common

Pleas for Richland County for the purpose of entering judgment against both defendants Blackmon and East Coast.

Affirmed in part; reversed in part.

SHAW and BELL, JJ., concur.