682 S.E.2d 295

**Daniel K. BROOKSHIRE and Debi Baker Brookshire, Appellants,**

**v.**

**Toby BLACKWELL, Lauren Chambers Blackwell a/k/a Lauren Kristen Chambers, Child A, a minor under the age of 14 years and child B, a minor under the age of 14 years, Defendants,**

**Of whom Lauren Chambers Blackwell a/k/a/ Lauren Kristen Chambers, is Respondent.**

**No. 4587.**

Court of Appeals of South Carolina.

Heard June 9, 2009.

Decided July 13, 2009.

334

Robert L. Jackson, of Columbia, for Appellants.

J. Michael Taylor, of Columbia, for Respondent.

PIEPER, J.:

In this appeal from the family court, Daniel and Debi Brookshire (the Brookshires) assert the family court erred in dismissing their adoption action for lack of personal jurisdiction based upon a lack of minimum contacts. We affirm as modified.

## FACTS/PROCEDURAL HISTORY

The children, presently ages five and eight, were born August 31, 2000, and September 7, 2003, in the State of Alabama to Toby Blackwell (Father) and Lauren Chambers (Mother). Following intervention by the Alabama Department of Human Resources (DHR), the minor children were placed in the custodial care of the Brookshires on December 25, 2003.[1] Subsequently on October 14, 2004, by order of the

---

1. DHR initially became involved with the children when it was discovered that Mother's grandmother was the children's primary caregiver. Upon further investigation, DHR soon learned that Mother's youngest child was born addicted to methadone and that the children's great grandmother could no longer maintain custody or protection for the children. The Brookshires, who are the children's third cousins, subse-

circuit court in Walker County, Alabama, the Brookshires were awarded custody of the minor children. At all times pertinent to this matter, the Brookshires were and have remained citizens and residents of the State of South Carolina while Mother and Father are and have remained citizens and residents of Alabama.[2] The children have been in the physical custody of the Brookshires since December 25, 2003.

On May 25, 2007, the Brookshires filed this action seeking to domesticate the prior Alabama custody order and to legally adopt the children. On June 27, 2007, Mother filed a motion to dismiss the action pursuant to Rules 12(b)(1)-(3), (6), and (8) of the South Carolina Rules of Civil Procedure. Specifically, Mother asserted that: (1) South Carolina does not have personal jurisdiction because Mother has insufficient contacts with this State; (2) South Carolina does not have subject matter jurisdiction because, under the federal Parental Kidnapping Prevention Act (PKPA),[3] Alabama has exclusive jurisdiction for the action; (3) the complaint fails to state a cause of action for failure to request or set forth grounds for termination of the natural parents' rights; and (4) there is another action already pending between the same parties for the same claim in Alabama.[4]

A hearing on the motion to dismiss took place on August 13, 2007. At the hearing, the Brookshires conceded the only connection Mother maintained with South Carolina was the fact that her children reside in South Carolina. Specifically, Mother's sworn affidavit states she has never: (1) lived in South Carolina; (2) owned, purchased, or inherited property in South Carolina; (3) paid taxes, voted in, filed for benefits, or made use of South Carolina state government programs;

---

quently informed DHR of their willingness to take custody of the children.

2. At oral argument, counsel indicated Father may have subsequently moved. The record does not demonstrate this fact, but it would not change our analysis.

3. *See* 28 U.S.C. § 1738A (2000).

4. On June 29, 2007, Mother filed a modification action in Alabama seeking to modify custody or, in the alternative, to set a reasonable visitation schedule.

(4) registered a vehicle, obtained a driver's license, or leased a vehicle in South Carolina; (5) worked, operated a business, or earned any income in South Carolina; (6) filed any lawsuit or made any claims for relief in any South Carolina court; or (7) otherwise performed any act by which she purposefully availed herself of the privilege of conducting activities within South Carolina.

By order dated August 31, 2007, the family court enrolled the Alabama custody decree [5] in South Carolina and granted the motion to dismiss on the ground it did not have *in personam* jurisdiction over Mother. The family court further found the Brookshires' complaint failed to state a cause of action for nonconsensual adoption for failure to request a termination of Mother's parental rights. Additionally, the order cited Alabama's retention of exclusive jurisdiction under the PKPA and the fact that a similar action was pending in Alabama as alternative grounds for dismissal.

The Brookshires timely filed a motion to alter or amend. Following argument on the motion on December 20, 2007, the family court reaffirmed its decision to dismiss the action for lack of personal jurisdiction but amended the order to hold it was not necessary to reach the alternative grounds cited in the original order based on the court's ruling on *in personam* jurisdiction. This appeal followed.

## ISSUE

Did the family court err in dismissing the adoption action for lack of personal jurisdiction?

## STANDARD OF REVIEW

 In appeals from the family court, this court has authority to correct errors of law and find facts in accordance with its own view of the preponderance of the evidence. *E.D.M. v. T.A.M.*, 307 S.C. 471, 473, 415 S.E.2d 812, 814 (1992).

## LAW/ANALYSIS

The Brookshires assert the family court erred in applying the minimum contacts standard and dismissing the action for lack of personal jurisdiction.

---

5. The parties do not contest the enrollment of the Alabama order.

While due process ordinarily requires a defendant possess minimum contacts with the forum state,[6] we find this case more appropriately resolved as a question of interstate custody jurisdiction.[7] Accordingly, we affirm as modified the dismissal of this case by the family court pursuant to the provisions of the PKPA and the Uniform Child Custody Jurisdiction Act (UCCJA),[8] which prohibit the exercise of

**6.** The Due Process Clause of the Fourteenth Amendment permits a court to assert personal jurisdiction over a nonresident defendant where the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945) (internal quotation omitted).

**7.** Although numerous states have applied a status exception, recognized by the United States Supreme Court in *Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977), to confer jurisdiction over a nonresident in termination of parental rights cases, the applicability of the status exception to adoption proceedings is less clear. *See id.* at 201, 97 S.Ct. 2569 (stating cases involving the personal status of the plaintiff, such as divorce proceedings, could be adjudicated in the plaintiff's home state despite defendant's absence from the state); *see also J.D. v. Tuscaloosa County Dept. of Human Resources,* 923 So.2d 303, 310 (Ala.Civ.App.2005) (holding the status exception to the requirement that the defendant have minimum contacts with the forum state applies to termination of parental rights proceedings); *In re Interest of M.L.K.,* 13 Kan.App.2d 251, 768 P.2d 316, 319 (1989) (holding the status exception extends to termination proceedings because the termination of parental rights is a determination of the legal status between the parent and the child); *In re Adoption of Copeland,* 43 S.W.3d 483, 487 (Tenn.Ct.App.2000) (holding under UCCJA Tennessee court had jurisdiction over father to terminate parental rights despite father's lack of minimum contacts with forum because child custody proceeding was a determination of status falling within the status exception to the minimum contacts standard). Nonetheless, we view this *nonconsensual* adoption action before us as requiring a bifurcated proceeding since an adoption may not proceed in this case without first obtaining a termination of parental rights. Otherwise, the form of the action would prevail over the substance of the issues to be determined and potentially thwart the legislative goals behind the PKPA and the Uniform Child Custody Jurisdiction Act (UCCJA).

**8.** *See* S.C.Code Ann. §§ 20–7–782 to –830 (Supp.2006), *repealed by* 2007 S.C. Acts No. 60 (Act No. 60 repealed the UCCJA and replaced it with the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA)). At oral argument, Appellant's counsel asserted the applicability of the UCCJA, rather than the UCCJEA, since the action was filed prior to the enactment of the UCCJEA.

concurrent jurisdiction to modify a custody decree. *See Up-church v. New York Times,* 314 S.C. 531, 538, 431 S.E.2d 558, 562 (1993) ("We may affirm the trial judge for any reason appearing in the record.") (citing Rule 220(c), SCACR).

 As indicated, this case presents an issue involving the interpretation and application of the jurisdictional provisions of the PKPA and UCCJA in the context of an action to domesticate an out of state custody order and to obtain an adoption. The PKPA, enacted by the United States Congress in 1980, and the UCCJA, enacted by the South Carolina Legislature in 1981, govern jurisdiction in interstate child custody disputes. 28 U.S.C. § 1738A (2000); S.C.Code Ann. §§ 20–7–782 to –830 (Supp.2006) (repealed 2007). Despite their titles, both the PKPA and UCCJA have been construed to apply to adoption actions. *See Doe v. Baby Girl,* 376 S.C. 267, 657 S.E.2d 455 (2008) (applying the PKPA to interstate adoption action); *In re Baby Girl F.,* —— Ill.App. ——, ——, —— Ill.Dec. ——, ——, —— N.E.2d ——, ——, 2008 WL 5195638 at *7 (Ill.App. 2nd Dist.2008) (stating the PKPA applies specifically to adoptions and citing applicable cases); *Clark v. Gordon,* 313 S.C. 240, 242–43, 437 S.E.2d 144, 145–46 (Ct.App.1993) (holding that adoption proceedings, by virtue of their impact on the termination of a parent's custody rights, fall within the ambit of the UCCJA). Substantively, the acts are very similar; however, where the provisions of the PKPA and state law conflict, the PKPA controls. *Schwartz v. Schwartz,* 311 S.C. 303, 307–08, 428 S.E.2d 748, 750–51 (Ct. App.1993) (holding that where the provisions of the PKPA and state law conflict, the federal act controls).

The PKPA and UCCJA provide four bases for jurisdiction: (1) home state; (2) significant connection; (3) emergency jurisdiction; and (4) default jurisdiction. 28 U.S.C. § 1738A (2000); S.C.Code Ann. § 20–7–788 (Supp.2006) (repealed 2007). While the two acts provide parallel bases for jurisdiction, the PKPA gives priority to the home state. The PKPA and UCCJA define "home state" as the state in which, immediately preceding the time involved, the child lived with his parents, a parent, or a person acting as a parent, for at least six consecutive months.[9] 28 U.S.C. § 1738A(b)(4) (2000);

---

9. "Person acting as a parent" is defined under the PKPA and UCCJA as a person, other than a parent, who has physical custody of a child who

S.C.Code Ann. § 20–7–786(5) (Supp.2006) (repealed 2007). Home state jurisdiction also exists when the state had been the home state within the previous six months and the child is absent from the state because he or she has been removed or retained by a person claiming custody, or for other reasons, and a parent or person acting as a parent still lives in the state. 28 U.S.C. § 1738A(c)(2)(A) (2000); S.C.Code Ann. § 20–7–788 (Supp.2006) (repealed 2007).

In addition to prioritizing home state jurisdiction, the PKPA mandates exclusive continuing jurisdiction in the state initially issuing the decree if that state remains the residence of the children or any contestant and provided that state has not declined to exercise jurisdiction. 28 U.S.C. § 1738A(f). The procedure for prioritizing the jurisdiction of the issuing decree state is contained in sections 1738A(d) and 1738A(f) of the Act. Specifically, these provisions limit custody jurisdiction to the first state to properly enter a custody order, as long as two sets of requirements are met. First, the Act requires that the initial determination is made in accordance with the PKPA. 28 U.S.C. § 1738A(a). To be consistent with the PKPA, the state must have jurisdiction under its own local law and meet one of the four identified bases for jurisdiction. 28 U.S.C. § 1738A(c). Second, the PKPA incorporates a state law inquiry by mandating that the first state must still have jurisdiction under its own law in order to retain exclusive responsibility for modifying its prior order. 28 U.S.C. § 1738A(d), (f). This state law inquiry necessarily results in the application of the issuing state's version of the UCCJA or its successor, the UCCJEA, promulgated in 1997.

Specifically, Sections 1738A(d) and 1738A(f) provide in relevant part:

(d) The jurisdiction of a court of a State which has made a child custody or visitation determination consistently with the provisions of this section continues as long as the requirement of subsection (c)(1) [10] of this section continues

---

has either been awarded custody by a court or claims a right to custody. 28 U.S.C. § 1738A(b)(6) (2000); S.C.Code Ann. § 20–7–786(9) (Supp. 2006) (repealed 2007). Under this definition, Mr. and Mrs. Brookshire would each be considered to be a person acting as a parent since they were awarded custody of the children by the Alabama court.

**10.** Subsection (c)(1) provides: "A child custody or visitation determination made by a court of a State is consistent with the provisions of this

to be met and such State remains the residence of the child or of any contestant . . .

\* \* \*

(f) A court of a State may modify a determination of the custody of the same child made by a court of another State, if—

(1) it has jurisdiction to make such a child custody determination; and

(2) the court of the other State no longer has jurisdiction, or it has declined to exercise such jurisdiction to modify such determination.

28 U.S.C. § 1738A(d), (f). Briefly stated, under § 1738A(d) above, whether a state retains jurisdiction is a matter of state law and the residence of one contestant. Like § 1738A(f) of the PKPA, the UCCJA also forbids states from modifying sister state custody decrees unless the forum court itself has jurisdiction and the state which initially entered the custody order no longer has such jurisdiction or has declined to exercise jurisdiction to modify the decree. S.C.Code Ann. § 20–7–810 (Supp.2006) (repealed 2007). The UCCJA, however, does not specifically recognize continuing jurisdiction based on continued residence of one party. *Id.* Notwithstanding, we reiterate that where the PKPA and state law conflict, the PKPA controls. *See Schwartz,* 311 S.C. at 307–08, 428 S.E.2d at 750–51. Thus, the appropriate inquiry is whether the first court's exercise of jurisdiction was in accordance with the PKPA and whether that jurisdiction continues as a matter of state law and the residence of any contestant. *Doe,* 376 S.C. at 279, 657 S.E.2d at 461.

█ Here, Alabama issued the initial decree awarding custody of the two minor children to the Brookshires on October 14, 2004. Therefore, pursuant to the PKPA, South Carolina must give full faith and credit to the Alabama custody decree provided the Alabama decree was rendered in accordance with the PKPA. Upon review of the applicable provisions, we conclude the Alabama custody decree is consistent with the PKPA. Specifically, under § 1738A(c) of the PKPA, Alabama

section only if—(1) such court has jurisdiction under the law of such State." 28 U.S.C. § 1738A(c)(1).

was the home state of the children within six months prior to the commencement of the initial custody proceeding. Likewise, the Alabama court had jurisdiction under its own law to render the initial custody decree because the children and the children's parents were residents of Alabama at the time the initial proceeding was commenced.

■ Having determined the initial custody order is consistent with the PKPA, we now must consider whether Alabama's jurisdiction continues and whether South Carolina has authority to modify the Alabama order. As indicated above, this inquiry requires that the issuing state maintain jurisdiction under its own state law. Alabama incorporates the UCCJEA, codified in Section 30–3B–101 et seq. of the Alabama Code (1975), as its authority in determining jurisdiction in custody matters.[11] Pursuant to Alabama's UCCJEA, Alabama maintains continuing, exclusive jurisdiction over a custody determination stemming from an initial custody determination issued by its courts until:

(1) A court of [Alabama] determines that neither the child, nor the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in [Alabama] concerning the child's care, protection, training, and personal relationships; or

(2) A court of [Alabama] or a court of another state determines that the child, the child's parents, and any person acting as a parent do not presently reside in [Alabama].

Ala.Code § 30–3B–202(a) (West 2009). Here, there is no indication in the record that Alabama has made any determination that the children, the children's parents, or the Brookshires no longer have a significant connection with Alabama; thus, the first of the above stated exceptions is inapplicable. Further, Mother is a contestant and continues to reside in

---

11. While the UCCJEA contains a provision specifically exempting the Act from applying to adoption proceedings, the Alabama Court of Appeals has held the UCCJEA applies to cases involving adoption where the natural parents' rights must be determined initially as part of the adoption proceeding. *See D.B. v. M.A.*, 975 So.2d 927, 936–37 (Ala.Civ. App.2006) (applying the UCCJEA to an adoption case where a custody determination regarding the father's parental rights had to be rendered before the adoption proceedings could continue).

Alabama. As such, we find Alabama maintains jurisdiction under its own law. Accordingly, we further conclude Alabama has met the requirements of § 1738A(d) for continuing jurisdiction since Mother continues to reside in Alabama.

■ Turning to our final inquiry, we must consider whether South Carolina may modify the Alabama decree as set forth under § 1738A(f) of the PKPA and former § 20–7–810 of South Carolina's UCCJA which allow for modification of the initial decree by a subsequent state only if (1) Alabama no longer has jurisdiction, or (2) it has declined to exercise jurisdiction. *See* 28 U.S.C. § 1738A(f); S.C.Code Ann. § 20–7–810 (Supp.2006) (repealed 2007). As indicated, Alabama meets the requirements for continuing jurisdiction; thus, Alabama has not lost jurisdiction. Furthermore, there is no indication in the record that Alabama has declined to exercise jurisdiction. Thus, while a family court in South Carolina may have subject matter jurisdiction to hear this case,[12] pursuant to the PKPA and UCCJA, it may not exercise concurrent jurisdiction over any proceeding affecting custody for the period of time Alabama's jurisdiction continues under its own law. *See Clay v. Burckle*, 369 S.C. 651, 658, 633 S.E.2d 173, 177 (Ct.App.2006) (holding that South Carolina lacked authority to modify custody decision where the state that issued the initial custody order had continuing jurisdiction); *Sinclair v. Albrecht*, 287 S.C. 20, 23, 336 S.E.2d 485, 487 (Ct.App.1985) ("Although more than one state may meet these jurisdictional requirements, once a custody decree has been entered, the continuing jurisdiction of the decree state is exclusive."); *Marks v. Marks*, 281 S.C. 316, 321, 315 S.E.2d 158, 161 (Ct.App.1984) (holding state that issued initial custody decree had continuing jurisdiction and, therefore, under § 1738A(f), South Carolina was prohibited from modifying the issuing state's custody decree). This result is consistent with the

---

**12.** The family court has jurisdiction over adoption proceedings. *See* S.C.Code Ann. § 63–9–40 (2008) (formerly § 20–7–1680 (Supp.2007) (providing for jurisdiction over adoption proceedings in family courts)); S.C.Code Ann. § 20–7–828 (Supp.2006) (repealed 2007) (providing for jurisdiction over actions under the UCCJA in family courts); *see also Dove v. Gold Kist, Inc.*, 314 S.C. 235, 237–38, 442 S.E.2d 598, 600 (1994) (stating subject matter jurisdiction is the power of a court to hear and determine cases in the general class to which the proceedings in question belong).

PKPA and UCCJA's goal of providing a uniform standard for continuing, exclusive jurisdiction in the issuing state and discouraging the issuance of conflicting custody decrees. Accordingly, until such time as the circumstances providing Alabama with continuing jurisdiction are no longer present, South Carolina may not modify the existing Alabama custody decree.

## CONCLUSION

In sum, we recognize the fundamental interests of the natural parents of the children. We also acknowledge our own state policy of carefully safeguarding the interests of the children. Because all of these interests are significant, the United States Congress chose to implement a procedure to avoid conflicts between the states which may understandably and justifiably attempt to protect the individuals within its borders. As a result of the federal legislation, we find Alabama maintains continuing jurisdiction over any custody and/or termination proceeding affecting custody in this matter. Absent consent or relinquishment, any adoption proceeding simply cannot proceed until termination of parental rights is obtained. We therefore affirm as modified the dismissal of this action, but do so without prejudice in the event the Brookshires obtain successful termination of parental rights in Alabama or, in the alternative, they obtain consent or relinquishment from the natural parents.[13]

**AFFIRMED AS MODIFIED.**

HUFF and GEATHERS, JJ., concur.

---

**13.** Alternatively, we note that neither consent, relinquishment, nor termination of parental rights has been pled or requested as relief. As a result of this deficiency, we conclude the complaint failed to comply with the requirements for a petition for adoption as set forth under Section 63–9–710 of the South Carolina Code (2008) (formerly § 20–7–1730 (Supp.2007)), namely the failure to state facts which excuse consent on the part of a parent to the adoption. Consequently, the failure to state facts which excuse consent renders the instant adoption proceeding premature and a dismissal without prejudice under Rule 12(b)(6) is appropriate.