725 S.E.2d 132

**ANTHONY H., Respondent,**

v.

**MATTHEW G. and April B., Defendants,**

**Of whom Matthew G. is the Appellant.**

**In the interest of a minor child under the age of 18.**

**No. 4955.**

Court of Appeals of South Carolina.

Heard March 1, 2012.

Decided March 16, 2012.

Rehearing Denied May 4, 2012.

Charles E. Carpenter Jr. and Carmen V. Ganjehsani, both of Columbia;  and Harry C. Wilson Jr., of Sumter, for Appellant.

Richard T. Jones, of Sumter, for Respondent.

T.D. Williams IV, of Sumter, Guardian ad Litem.

KONDUROS, J.

Matthew G. (Father) appeals the order of the South Carolina family court terminating his parental rights (TPR) to his minor child (Child) and granting Anthony H.'s (Stepfather) petition to adopt Child. Father argues the family court lacked jurisdiction to hear the child custody dispute because Georgia still had exclusive, continuing jurisdiction under the Parental Kidnapping Prevention Act (PKPA) and the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). We agree and vacate the family court's order.

## FACTS

Father and April B. (Mother) are the biological parents of Child. After Child's birth in Georgia, Father filed a petition for legitimation [1] with the Georgia superior court. On February 11, 2004, the Georgia superior court granted Father's petition but awarded Mother full legal and physical custody of Child. The Georgia superior court allowed Father supervised visitation with Child on a weekly basis and ordered him to participate in biweekly drug tests for one year. The order also provided for unsupervised biweekly visitation after the one-year period, provided Father remained drug free.

Mother married Stepfather in Sumter County, South Carolina, in 2005, and shortly thereafter, Mother and Child moved there. Mother subsequently filed a motion to modify visitation in Georgia, which the Georgia superior court stayed until Father completed a drug rehabilitation program. On August 7, 2008, the Georgia superior court issued a temporary order suspending Father's scheduled visitation with Child and providing "[a]ny visitation shall be at the sole discretion of [Mother]."

On January 8, 2009, Stepfather filed a complaint for adoption and termination of Father's parental rights in South Carolina. Father answered, contesting South Carolina's jurisdiction to terminate his parental rights. Father also filed a motion for contempt in Georgia on February 17, 2010, seeking modification of the previous child custody decree. The Geor-

---

1. Section 19–7–22(a) of the Georgia Code (2009) requires that a father of a child born out of wedlock must file a petition for legitimation of the child in order to protect his legal rights as the biological father.

gia superior court dismissed his motion on September 30, 2010, finding it lacked personal jurisdiction over Mother because Father failed to properly serve her, and stating it could not modify a child custody determination through a contempt action. Father filed a separate action in Georgia for modification of Child's custody on October 10, 2010, arguing Mother had failed to comply with the child custody decree.[2]

On September 14, 2010, Father filed a motion to dismiss with the South Carolina family court, arguing Georgia had jurisdiction because the Georgia courts had a pending action involving Child's custody. After a hearing on October 11, 2010, the family court denied the motion. The next day, the family court held the TPR and adoption hearing, during which Father participated fully in his defense and testified he has lived in Macon County, Georgia, since 1999. After the hearing, the family court issued an order finding it had jurisdiction to hear this case because Stepfather, Mother, and Child had been residents of South Carolina since 2005 and the pending Georgia action did not concern the modification of custody. In its order, the family court ordered the termination of Father's parental rights and granted Stepfather's petition to adopt Child. Father filed a Rule 59(e), SCRCP, motion, which the family court denied. This appeal followed.

## STANDARD OF REVIEW

"In appeals from the family court, this court has authority to correct errors of law and find facts in accordance with its own view of the preponderance of the evidence." *Brookshire v. Blackwell*, 384 S.C. 333, 337, 682 S.E.2d 295, 297 (Ct.App.2009). On appeal from the family court, "this [c]ourt reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011); *see also Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011).

## LAW/ANALYSIS

Father appeals the family court's order terminating his parental rights and granting Stepfather's adoption petition.

---

**2.** According to Father's counsel at oral arguments, this action is still pending in Georgia.

Father argues the family court lacked jurisdiction to issue such an order because Georgia had exclusive, continuing jurisdiction over child custody. We agree.

The PKPA and the UCCJEA govern subject matter jurisdiction in interstate child custody disputes. *Clay v. Burckle,* 369 S.C. 651, 656, 633 S.E.2d 173, 176 (Ct.App.2006). *See also* 28 U.S.C.A. § 1738A (2006); Ga.Code Ann. § 19–9–40 (2001); S.C.Code Ann. § 63–15–300 (2010). "The PKPA is primarily concerned with when full faith and credit should be given to another [s]tate's custody determination." *Doe v. Baby Girl,* 376 S.C. 267, 278, 657 S.E.2d 455, 461 (2008). The UCCJEA's primary purpose is to provide uniformity of the law with respect to child custody decrees between courts in different states. S.C.Code Ann. § 63–15–390 (2010).

Initially, we find the PKPA and the UCCJEA are applicable to this action. In order for an adoption action to proceed, the legal parents either consent to the adoption, relinquish their parental rights, or have their parental rights terminated. S.C.Code Ann. § 63–9–310(A)–(B) (2010). Thus, a common sense reading of section 63–9–310 supports our finding that TPR and adoption actions are two separate and distinct actions. *See also Brookshire,* 384 S.C. at 338 n. 7, 682 S.E.2d at 297 n. 7 (finding a *"nonconsensual* adoption action ... requir[es] a bifurcated proceeding since an adoption may not proceed ... without first obtaining a termination of parental rights"). Even though this case is an adoption action, it first concerns the termination of Father's parental rights. Accordingly, we find the PKPA and UCCJEA are applicable to this case because both the PKPA and UCCJEA apply to TPR actions. 28 U.S.C.A. § 1738A(e) (2006); Ga.Code Ann. § 19–9–41(4) (2001); S.C.Code Ann. § 63–15–302(4) (2010).

Having determined the PKPA and the UCCJEA apply to this case, we must now decide whether Georgia had jurisdiction to issue the initial child custody decree and maintains exclusive, continuing jurisdiction. According to the PKPA, three criteria must exist for a court to retain continuing jurisdiction: "1) that the original custody determination was entered consistently with the provisions of the PKPA; 2) that the court maintain jurisdiction under its own state law ...; and 3) that the state remains the residence of the child or of

any contestant." *Clay,* 369 S.C. at 656, 633 S.E.2d at 176 (quotation marks omitted); *see also* 28 U.S.C.A. § 1738A(d) (2006).

■ As a threshold matter, we find Stepfather bears the burden of proving Georgia no longer has jurisdiction over this matter. Generally, the plaintiff has the burden of proving that the trial court has jurisdiction to hear the case. *Brown v. Inv. Mgmt. & Research, Inc.,* 323 S.C. 395, 399, 475 S.E.2d 754, 756 (1996). The burden of proof shifts to the defendant if he alleges the court lacks jurisdiction. *Espinal v. Blackmon,* 298 S.C. 544, 547–48, 381 S.E.2d 921, 923 (Ct.App.1989). However, for South Carolina cases involving jurisdictional questions under the UCCJEA, if the defendant provides evidence to the court of an existing out-of-state order, the plaintiff assumes the burden of proving the new state has jurisdiction to issue the initial child custody order and the issuing state has lost or declined to exercise its jurisdiction. In making this determination, South Carolina aligns itself with other states that have ruled in the same way. *See* § 63–15–390 ("In applying and construing this uniform act, consideration must be given to the need to promote uniformity of the law with respect to its subject matter among states that enact it."); *see also Delgado v. Combs,* No. A11A1948, 2012 WL 639120, at *5 (Ga.Ct.App. Feb. 29, 2012) ("[B]ecause, under the UCCJEA, a new state may not modify an out-of-state child custody order unless it properly finds that the issuing state has been divested of jurisdiction (or declined to exercise it), the parent petitioning the new state to assume jurisdiction bears the burden of proving, not only that the new state would have jurisdiction to enter an initial child custody order, but that the issuing state has lost or declined to exercise jurisdiction as well.") (citing *Brandt v. Brandt,* 268 P.3d 406, 413 (Colo.2012)). Accordingly, Stepfather now bears the burden of proving that Georgia no longer has jurisdiction to hear this matter.

With regard to the PKPA, we first find Georgia had jurisdiction to issue the initial child custody decree in 2004. The PKPA provides that a court has jurisdiction to make an initial child custody decree if the court has jurisdiction under its own law pursuant to the UCCJEA and it meets one of the four bases for jurisdiction set forth by the PKPA. 28 U.S.C.A.

§ 1738A(c) (2006). One basis for jurisdiction was that the state is the child's home state at the commencement of the proceeding. 28 U.S.C.A. § 1738A(c)(2)(A) (2006); *accord* Ga. Code Ann. § 19–9–61(a)(1) (2001); S.C.Code Ann. § 63–15–330(A)(1) (2010). Here, Georgia had jurisdiction to issue the initial child custody decree in 2004 because Georgia was Child's and parents' home state six months prior to the initial proceeding. Therefore, South Carolina must give full faith and credit to the Georgia custody decree because it was rendered in accordance with the PKPA. *See Russell v. Cox*, 383 S.C. 215, 219, 678 S.E.2d 460, 462–63 (Ct.App.2009) (stating South Carolina has always given deference "to the jurisdiction of the state that initially rules on a custody matter" (quotation marks omitted)).

Second, we must determine whether Georgia continues to have exclusive, continuing jurisdiction under its own law, which is governed by the state's version of the UCCJEA. *See Brookshire*, 384 S.C. at 340, 682 S.E.2d at 299 ("[T]he PKPA incorporates a state law inquiry by mandating that the first state must still have jurisdiction under its own law ... [, which] necessarily results in the application of the issuing state's version of the ... UCCJEA...." (internal citation omitted)). According to the UCCJEA, Georgia has exclusive, continuing jurisdiction over a child custody determination until:

(1) [A Georgia court] determines that neither the child nor the child's parents or any person acting as a parent has a significant connection with [Georgia] and that substantial evidence is no longer available in [Georgia] concerning the child's care, protection, training, and personal relationships; or

(2) [A Georgia court] or a court of another state determines that neither the child nor the child's parents or any person acting as a parent presently resides in [Georgia].

Ga.Code Ann. § 19–9–62(a) (2001). In this case, no evidence in the record shows Georgia has made any determination that Child or Child's parents no longer have a significant connection to Georgia and that substantial evidence of Child's care no longer exists in Georgia. Finally, Father continues to reside in Georgia. Accordingly, we conclude Georgia has exclusive, continuing jurisdiction.

Turning to our final inquiry, we must determine whether South Carolina may modify Georgia's decree even though Georgia has exclusive, continuing jurisdiction. Generally, a state may modify a child custody decree of another state under the PKPA if the state has jurisdiction to make such a child custody decree under its own law and the other court no longer has jurisdiction or has declined to exercise such jurisdiction. 28 U.S.C.A. § 1738A(f) (2006). The UCCJEA permits a state to modify a child custody determination made by a court of another state when the modifying state has jurisdiction to make an initial child custody determination and:

(1) [T]he court of the other state determines it no longer has exclusive, continuing jurisdiction ... or that a court of [the modifying state] would be a more convenient forum ...; or

(2) a court of [the modifying state] or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state.

S.C.Code Ann. § 63–15–334 (2010); *accord* Ga.Code Ann. § 19–9–63 (2001). However, subsection A of section 63–15–340 of the South Carolina Code (2010) requires South Carolina family courts to stay any child custody proceeding if another state's court has jurisdiction over the proceeding and the proceeding is pending in that court. Furthermore, subsection B of section 63–15–340 requires our family courts to dismiss any proceeding relating to child custody if the other state court having jurisdiction determines, after communicating with South Carolina courts, that South Carolina is not the more convenient forum.

We find South Carolina cannot exercise concurrent jurisdiction in this matter because Georgia has continuing jurisdiction and the record contains no evidence Georgia declined to exercise its jurisdiction or determined that South Carolina was a more convenient forum. Moreover, we find a common sense reading of section 63–15–340 encourages state family courts to communicate with each other concerning child custody decrees and to determine together the most appropriate jurisdiction to consider the modification of the child custody decree. Had the Georgia and South Carolina courts engaged in this communication in the present case, they could have resolved the

question of jurisdiction before ruling on the merits. Because they did not, and because we find our family court improperly assumed jurisdiction, we must vacate the order.

## CONCLUSION

Based on the foregoing, we vacate the family court's order terminating Father's parental rights and granting Stepfather's petition for adoption.

**VACATED.**

PIEPER and GEATHERS, JJ., concur.