PER CURIAM.
J.L.L. Ill and T.L.O.L., respectively the uncle and the aunt of D.R.O., a minor child (“the child”), appeal from a judgment of the St. Clair Juvenile Court dismissing their adoption action as to the child for lack of jurisdiction.
The child is a resident of the State of Washington. The child was adjudicated dependent in October 2010, shortly after she was born, and, since that time, she has been in the legal custody of the State of Washington. The child has never left Washington and has been under the foster care of J.B. and E.B. (“the foster parents”) since October 2010.
In October 2011, J.L.L. and T.L.O.L. (“the aunt and the uncle”) filed a petition in the St. Clair Probate Court seeking to adopt the child, their niece; the child’s parents consented to the petition. On November 3, 2011, the Jefferson County Department of Human Resources (“JCDHR”) filed a motion to intervene in the adoption proceedings; a notice of contest and objection to the adoption; a motion to set aside any interlocutory decree that might have been entered; and a motion to transfer the action to the St. Clair Juvenile Court (“the juvenile court”). On November 9, 2011, the child’s guardian ad litem in the State of Washington objected to the adoption petition filed by the aunt and the uncle. That same day, a representative from the Washington Attorney General’s office filed an appearance and objected to the juvenile court’s jurisdiction on behalf of the Washington Department of Social and Health Services, Division of Children and Family Services. Additionally, the foster parents objected to the aunt and the uncle’s adoption petition. The case was transferred to the juvenile court on November 18, 2011.
On January 4, 2012, the aunt and the uncle filed a brief arguing that the juvenile court had jurisdiction to hear their adoption petition. On January 15, 2012, the child’s Alabama-based guardian ad litem appeared and filed a motion challenging the juvenile court’s jurisdiction to hear the matter. The aunt and the uncle filed a second brief with the juvenile court asserting their position as to jurisdiction on February 2, 2012. That same day, the juvenile court dismissed the case for lack of jurisdiction. The aunt and the uncle thereafter filed a motion to alter, amend, or vacate the order of dismissal, which the juvenile court denied on February 8, 2012. The aunt and the uncle timely filed this appeal.
The only issue on appeal is whether the juvenile court erred in dismissing the adoption proceedings as to the child for want of jurisdiction. The juvenile court’s determination as to jurisdiction is strictly a legal matter. Therefore, we apply a de novo standard of review. See Ex parte Morris, 999 So.2d 932, 936 (Ala.2008).
The right to adopt in Alabama is provided for and governed by the Alabama Adoption Code (“the AAC”), § 26-10A-1 et seq., Ala.Code 1975. The following provisions of the AAC address jurisdiction and venue of adoption proceedings:
“The probate court shall have original jurisdiction over proceedings brought under the chapter. If any party whose consent is required fails to consent or is unable to consent, the proceeding will be transferred to the court having jurisdiction over juvenile matters for the limited purpose of termination of parental *435 rights. The provisions of this chapter shall be applicable to proceedings in the court having jurisdiction over juvenile matters.”
Ala.Code 1975, § 26-10A-3.
“All petitions may be filed in the probate court in the county in which:
“(1) The minor or adult resides or has legal residence;
“(2) A petitioner resides, or is in military service; or
“(3) An office of any agency or institution operating under the laws of this state having guardianship or custody of a minor or an adult is located.”
Ala.Code 1975, § 26-10A-4.
The aunt and the uncle argue that their residence in the State of Alabama, coupled with the consent of the child’s parents, is sufficient to afford Alabama courts jurisdiction over the adoption proceedings as to the child. In their principal brief, however, the aunt and the uncle acknowledge that there is a custody case regarding the child pending in the Washington courts because the child is currently in the legal custody of the State of Washington.
JCDHR, in its brief, asserts that the juvenile court lacked jurisdiction over the adoption proceedings because, it says, the record shows that the child was not legally “available for adoption”; that the child’s parents are residents of the State of Washington; that the child is a resident of Washington and has never been in the custody of the State of Alabama; and that the aunt and the uncle had failed to comply with the Interstate Compact for the Placement of Children (“the ICPC”), adherence to which is mandated under § 44-2-20, Ala.Code 1975.
Additionally, the foster parents have filed a brief on appeal. The foster parents assert three arguments. First, they contend that the Uniform Adoption Act (“the UAA”) dictates that Alabama courts cannot exercise jurisdiction over the adoption proceedings because there is already an ongoing custody proceeding as to the child pending in the Washington courts. Second, the foster parents argue that Alabama courts cannot exercise jurisdiction because, pursuant to the Parental Kidnapping Prevention Act (“the PKPA”), 28 U.S.C. § 1738A, the home state of the child, which they argue is Washington, has the authority to exercise exclusive jurisdiction over custody matters concerning the child. Last, the foster parents argue that the child’s best interests would not be served by granting the adoption petition of the aunt and the uncle. The foster parents rely on JCDHR’s arguments, which are grounded in law applicable to jurisdictional issues in child-custody cases, in support of the juvenile court’s judgment.
It is undisputed that the child is a resident of and under the legal custody of the State of Washington pursuant to the child’s dependency adjudication of October 2010. JCDHR and the foster parents’ arguments are based, in general, on the premise that the fact that the custody proceedings in Washington are ongoing operates to preempt another state’s exercise of jurisdiction over the adoption proceedings as to the child. JCDHR’s and the foster parents’ briefs rely on the UAA and the PKPA to support their contention that Alabama courts cannot exercise jurisdiction over the adoption proceedings. The aunt and the uncle rely on the AAC to support their position that Alabama courts may exercise jurisdiction over the adoption proceedings. We agree that the AAC speaks to the exercise of jurisdiction of Alabama courts in adoption proceedings, but the provision relied upon by the aunt and the uncle does not speak to the exercise of that jurisdiction over an adoption proceeding involving a child who is already *436 the subject of an ongoing custody proceeding and a resident of another state. Therefore, we are confronted with the issue whether Alabama courts can exercise jurisdiction over the adoption proceedings in light of the UAA and the PKPA.
The aunt and the uncle also discuss the applicability of the Uniform Child Custody Jurisdiction and Enforcement Act (“the UCCJEA”), Ala.Code 1975, § 30-3B-101 et seq. The aunt and the uncle posit that the juvenile court dismissed the action for lack of jurisdiction pursuant to the UC-CJEA; they assert that doing so was error because the UCCJEA is intended to govern competing custody orders. The UC-CJEA does not have direct application in this case in light of § 30-3B-103, Ala.Code 1975, which expressly excludes adoption proceedings from the operation of the UC-CJEA. To the extent that JCDHR contends that the UCCJEA mandates affir-mance of the juvenile court’s order, we are constrained by the plain language of the UCCJEA to disagree.
In contrast, JCDHR’s arguments are grounded upon the premise that, because the child currently resides in Washington and because there is a custody proceeding pending there, the aunt and the uncle would not be able ultimately to adopt the child because they have not already obtained custody of the child. However, our review of the AAC does not reveal a statutory basis for JCDHR’s contention. Indeed, §§ 26-10A-5 and 26-10A-6 specify that adults may adopt minors without preference to existing custody, which is addressed only as to the matter of necessary consents under § 26-10A-7. Under the AAC, the proper procedure in a situation like the one presented here, where custody proceedings have commenced in another state, is set forth in § 26-10A-21, Ala. Code 1975, which provides that a juvenile court should stay adoption proceedings until a determination is reached in that pending custody proceeding. To dismiss for lack of jurisdiction solely based on the AAC was the wrong remedy to apply in this matter.
Next, we look to the foster parents’ arguments urging affirmance based on the UAA and the PKPA. The foster parents assert that both statutes provide a separate basis for the conclusion that Alabama courts cannot exercise jurisdiction over the adoption petition of the aunt and the uncle. Their argument is oversimplified; although they state in their brief that the UAA, which expressly prohibits a state from exercising jurisdiction over an adoption proceeding as to a minor if there is already a custody or adoption proceeding pending in a court of another state, has been adopted by Alabama, in actuality it has not been adopted in this state. See D.B. v. M.A., 975 So.2d 927, 936 n. 5 (Ala.Civ.App.2006). However, the PKPA provides alternative guidance on the issue of jurisdiction in situations like the one presented here, because, unlike the UC-CJEA, it does not by its terms explicitly exclude adoption proceedings. Moreover, the PKPA has been interpreted to apply to adoption actions. Brookshire v. Blackwell, 384 S.C. 333, 682 S.E.2d 295 (Ct.App.2009); In re Baby Girl F., 402 Ill.App.3d 127, 932 N.E.2d 428, 342 Ill.Dec. 301 (2008); and People ex rel. A.J.C., 88 P.3d 599 (Colo.2004). Under 28 U.S.C. § 1738A(g), a part of the PKPA, a state court “shall not exercise jurisdiction in any proceeding for a custody or visitation determination” filed while a similar proceeding is already pending in the child’s home state.[1]
*437 In this case, Washington is unquestionably the child’s home state, which is defined in the PKPA as the place where a minor has lived for at least six consecutive months, see 28 U.S.C. § 1738A(b)(4), because the child has lived in Washington her entire life. The child has never resided in Alabama. Because the custody proceeding concerning the child was ongoing in Washington at the time that the aunt and the uncle filed their adoption petition in Alabama, the Alabama courts cannot exercise jurisdiction over the adoption proceedings. See Ex parte D.B., 975 So.2d 940 (Ala.2007) (granting exclusive jurisdiction over custody proceedings to a minor’s home state, pursuant to the PKPA, where a custody proceeding had already commenced in that state). Therefore, the juvenile court’s judgment dismissing the adoption proceedings is affirmed.
AFFIRMED.
PITTMAN, J., concurs.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur in the result, without writings.

. 28 U.S.C. § 1738A(g) gives exclusive jurisdiction to a state in which custody or visitation proceedings involving the minor are already pending so long as that state is exercising jurisdiction consistently with the provisions of the PKPA, i.e., so long as that *437 state is exercising jurisdiction as the child’s home state.