**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Johnnie B., Calvin W., and Charley B., Defendants,

Of whom Charley B. is the Appellant,

In the interest of a minor child under the age of eighteen.

Appellate Case No. 2013-001585

_____

Appeal From Anderson County
Edgar H. Long, Jr., Family Court Judge

_____

Unpublished Opinion No. 2014-UP-080
Submitted January 30, 2014 – Filed February 21, 2014

_____

**REVERSED AND REMANDED**

_____

David James Brousseau, of McIntosh, Sherard, Sullivan
& Brousseau, of Anderson, for Appellant.

Kathleen J. Hodges and Dottie C. Ingram, both of the
South Carolina Department of Social Services, of
Anderson, for Respondent.

Brittany Dreher Tye, of Senerius & Tye, Attorneys at Law, of Anderson, for the Guardian ad Litem.

**PER CURIAM:** Charley B. (Father), a Georgia resident, appeals the South Carolina family court's order denying his motion to bifurcate and dismiss a removal action involving his minor child based on lack of subject matter jurisdiction. Father argues the South Carolina family court erred in finding it retained continuing and exclusive jurisdiction over this matter after the Georgia superior court asserted initial jurisdiction as the child's home state. Father also argues the family court erred in failing to give full faith and credit to the Georgia superior court's order awarding him custody of the child. We reverse and remand.[1]

We acknowledge the denial of a motion to dismiss is generally not immediately appealable. *See Deskins v. Boltin*, 319 S.C. 356, 357, 461 S.E.2d 395, 396 (1995) ("[T]he denial of a motion to dismiss for lack of subject matter jurisdiction is not immediately appealable."). However, because this appeal stems from a South Carolina Department of Social Services (DSS) action involving the custody of a minor child and because a South Carolina family court and a Georgia superior court have ruled they have jurisdiction to issue a custody determination, we consider this matter in the interest of justice and judicial economy. *See Bowen & Smoot v. Plumlee*, 301 S.C. 262, 265, 391 S.E.2d 558, 559 (1990) (noting the denial of a motion to dismiss is not immediately appealable but reviewing the denial because the court felt "compelled to state that an attorney may not maintain an action for attorney's fees against his client's children on the theory that they benefitted from a judgment awarding child support"); *Widdicombe v. Tucker-Cales*, 366 S.C. 75, 85, 620 S.E.2d 333, 338-39 (Ct. App. 2005) ("[T]he issues raised by [the m]other on appeal have been the subject of much contention in this case. They will inevitably be raised to the family court again in the future and, because they have been fully briefed by the parties, we find that it would be in the interest of judicial economy to decide the matters now."), *aff'd in part and vacated in part on other grounds*, 375 S.C. 427, 428, 653 S.E.2d 276, 276 (2007).

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

"The [Parental Kidnapping Prevention Act (PKPA)][2] and the [Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA)] govern subject matter jurisdiction in interstate child custody disputes." *Anthony H. v. Matthew G.*, 397 S.C. 447, 451, 725 S.E.2d 132, 134 (Ct. App. 2012). "The PKPA is primarily concerned with when full faith and credit should be given to another [s]tate's custody determination." *Id*. "The UCCJEA's primary purpose is to provide uniformity of the law with respect to child custody decrees between courts in different states." *Id*.

Section 63-15-330 of the South Carolina Code (2010) grants South Carolina subject matter jurisdiction to issue an initial child custody determination only if: (1) South Carolina is the child's home state on the date the action commences or was the child's home state within six months before the action commences and a "person acting as a parent continues to live in [South Carolina]"; (2) a court of another state does not have jurisdiction under item (1), or a court of the child's home state declines jurisdiction; (3) all courts having jurisdiction under item (1) or (2) have declined jurisdiction; or (4) no court of any other state would have jurisdiction under the criteria specified in items (1), (2), or (3). "'Commencement' means the filing of the first pleading in a proceeding." S.C. Code Ann. § 63-15-302(5) (2010). "'Home state' means the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding." S.C. Code Ann. § 63-15-302(7) (2010).

When DSS commenced this removal action on September 26, 2012, South Carolina was not the child's home state because the child had not lived in South Carolina for six months. Conversely, Georgia was the child's home state within six months before this action commenced and Father still lived in Georgia. Thus, under item (1), the Georgia superior court had jurisdiction to make the initial custody determination. Because the Georgia superior court did not decline jurisdiction, South Carolina did not have jurisdiction to issue an initial child custody determination. *See* S.C. Code Ann. § 63-15-330 (2010); Ga. Code Ann. § 19-9-61 (2001).

The South Carolina family court's only basis for jurisdiction under the UCCJEA was emergency jurisdiction under section 63-15-336 of the South Carolina Code

---

[2] 28 U.S.C. § 1738A (2006).

(2010), and the South Carolina family court was limited to the jurisdiction conferred by the statute. A plain reading of the statute indicates South Carolina's removal order would not become a final determination if an action was pending in Georgia or was subsequently filed in Georgia. *See* S.C. Code Ann. § 63-15-336(B) (2010) (noting a South Carolina order may become final "[i]f a child custody proceeding has not been *or is not* commenced in a court of a state having jurisdiction" (emphasis added)). Additionally, based on the language of section 63-15-336(B), South Carolina's order could not become a final determination until South Carolina became the child's home state. When the South Carolina family court issued the December 3, 2012 removal order, South Carolina was not yet the child's home state. Thus, under the UCCJEA, the removal order was not a final determination when it was issued.

Under section 63-15-336(B), the only way the South Carolina family court's order could become a final determination would be "[i]f a child custody proceeding has not been or is not commenced in a court of a state having jurisdiction under [s]ections 63-15-330 through 63-15-334." Because a valid action commenced in Georgia on December 20, 2012,[3] when Georgia had jurisdiction to make an initial

---

[3] To the extent DSS asserts the Georgia action Father commenced on December 20, 2012, was fatally defective because Father failed to join DSS or serve Mother, we find Father commenced a valid action for custody in Georgia on December 20, 2012. "Commencement," as defined by the UCCJEA statutes in Georgia and South Carolina, does not include a requirement for service or joinder. *See* Ga. Code Ann. § 19-9-41(5) (2001) (defining "commencement" as "the filing of the first pleading in a proceeding"); S.C. Code Ann. § 63-15-302(5) (2010) (same). The omission suggests service and joinder are not prerequisites when determining the commencement date for jurisdictional disputes between states. Further, Georgia law states, "A civil action is commenced by filing a complaint with the court." Ga. Code. Ann. § 9-11-3(a) (2006). In Georgia, "once service is accomplished, it relates back to the date of filing, and the date of filing establishes the date the action is commenced." *Odion v. Varon*, 718 S.E.2d 23, 26 (Ga. Ct. App. 2011). Thus, under the UCCJEA and Georgia law, Father's action commenced on December 20, 2012. Even if "commencement" required service and proper joinder, under Georgia law the date of filing for a properly amended complaint relates back to the date the original petition was filed. *See* Ga. Code Ann. § 9-11-15 (1972). Thus, even if Father's initial complaint was fatally defective, Father's amended complaint cured any defects.

custody determination, the South Carolina family court erred in finding the South Carolina order became a final determination and South Carolina became the child's home state.  Further, because Georgia had jurisdiction to make an initial child custody determination and Georgia did not decline such jurisdiction, the family court erred in denying Father's motion to bifurcate and dismiss the removal action involving Father's child.  We reverse and remand with instructions for the family court to issue an order dismissing Father and Father's child from this action because the Georgia superior court has jurisdiction over this matter.[4]

**REVERSED AND REMANDED.**[5]

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**

---

[4] Without expressing any opinion about the validity of the Georgia superior court's order holding Anderson County DSS in civil contempt, we note the order states the contempt may be purged by returning the child to Father.

[5] We need not address the issue of whether the family court erred in failing to give full faith and credit to the Georgia superior court's order because our ruling on the first issue is dispositive.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not address an issue when a decision on another issue is dispositive).