**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Whitney-Marie Aurriel Nahum and Michael Runkle,
Defendants,

Of whom Whitney-Marie Aurriel Nahum is the
Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2020-001161

———————————

Appeal From Dillon County
Ronald R. Norton, Family Court Judge

———————————

Unpublished Opinion No. 2021-UP-361
Submitted October 7, 2021 – Filed October 18, 2021

———————————

**AFFIRMED**

———————————

Kimberly Yancey Brooks, of Kimberly Y. Brooks,
Attorney at Law, of Greenville, for Appellant.

Lesley Ann Sasser, of Law Office of Lesley Ann Sasser, LLC, of Conway, as the Guardian ad Litem for Appellant.

Scarlet Bell Moore, of Greenville, for Respondent.

Michael J. Schwartz, of Russell B. Long, PA; and Heather Marie Moore, of Axelrod & Associates, PA, both of Myrtle Beach, for the Guardian ad Litem for the minor child.

---

**PER CURIAM:**  Whitney-Marie Aurriel Nahum (Mother) appeals the family court's order terminating her parental rights to her minor child (Child).  On appeal, the only issue Mother raises is whether the family court lacked subject matter jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA).[1]  We affirm.

In appeals from the family court, this court reviews factual and legal issues de novo.  *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011).

"Subject matter jurisdiction is 'the power to hear and determine cases of the general class to which the proceedings in question belong.'"  *Dove v. Gold Kist, Inc.*, 314 S.C. 235, 237-38, 442 S.E.2d 598, 600 (1994) (quoting *Bank of Babylon v. Quirk*, 472 A.2d 21, 22 (Conn. 1984)).  A court without subject matter jurisdiction does not have "authority to act regardless of the geographical location or consent of the litigants."  *Id.* at 238, 442 S.E.2d at 600.  "The [Parental Kidnapping Prevention Act (PKPA)[2]] and the UCCJEA govern subject matter jurisdiction in interstate child custody disputes."  *Anthony H. v. Matthew G.*, 397 S.C. 447, 451, 725 S.E.2d 132, 134 (Ct. App. 2012).  "The UCCJEA's primary purpose is to provide uniformity of the law with respect to child custody decrees between courts in different states."  *Id*.

Although Pennsylvania was Child's home state at the time of the removal because Child had not yet lived in South Carolina for six months, we find South Carolina had temporary emergency jurisdiction under section 63-15-336 of the South Carolina Code (2010).  *See* § 63-15-336(A) ("A court of this [s]tate has temporary

---

[1] S.C. Code Ann. §§ 63-15-300 to -394 (2010).
[2] 28 U.S.C.A. § 1738A.

emergency jurisdiction if the child is present in this [s]tate and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.").  At the TPR hearing, the Department of Social Services (DSS) caseworker testified Child entered DSS custody after his maternal grandmother, who was caring for Child pursuant to a Pennsylvania power of attorney executed by Mother, appeared to be under the influence and Child subsequently tested positive for drugs.  Based on those findings, we find Child was "subjected to or threatened with mistreatment or abuse" and it was necessary for the family court to exercise temporary emergency jurisdiction under section 63-15-336.  We further find the removal order became a final order under the UCCJEA because Mother presented no evidence Pennsylvania commenced a child custody proceeding or issued a child custody determination, and, at the time of the TPR hearing, Child had been in South Carolina for two years.  *See* § 63-15-336(B) ("If a child custody proceeding has not been or is not commenced in a court of a state having jurisdiction under [s]ections 63-15-330 through 63-15-334, a child custody determination made under this section becomes a final determination, if it so provides and this [s]tate becomes the home state of the child.").  Accordingly, the family court had subject matter jurisdiction to order the termination of Mother's parental rights to Child.

**AFFIRMED.**[3]

**HUFF, THOMAS, and GEATHERS, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.