653 S.E.2d 276

**Robert WIDDICOMBE, Respondent**

v.

**Rachel P. TUCKER–CALES, Petitioner.**

No. 26388.

Supreme Court of South Carolina.

Submitted Nov. 1, 2007.

Decided Nov. 5, 2007.

Rachel P. Tucker–Cales, of Mt. Pleasant, Pro Se.

Paul B. Ferrara, III, of the Ferrara Law Firm, PLLC, of N. Charleston, for Respondent.

PER CURIAM:

Petitioner has filed a petition asking this Court to review the Court of Appeals' opinion in *Widdicombe v. Tucker–Cales,*

366 S.C. 75, 620 S.E.2d 333 (Ct.App.2005). We grant the petition, dispense with further briefing, and vacate the portion of the Court of Appeals' opinion supporting the family court's exercise of jurisdiction in this case pursuant to the doctrine of unclean hands, but affirm the opinion on all other grounds.

## FACTUAL/PROCEDURAL BACKGROUND

The family court issued an emergency *ex parte* order granting respondent (Father) custody of the parties' minor child. Subsequently, petitioner (Mother) and Father entered into a temporary consent order granting Father sole care, custody, and control of the child.

Mother then moved for relief from the prior custody orders, alleging the family court was without jurisdiction to modify the original custody order. The family court denied Mother's motion to dismiss, finding the family court had continuing, exclusive jurisdiction. The Court of Appeals affirmed.

## ISSUE

Did the Court of Appeals err in further justifying the family court's continued exercise of jurisdiction over the parties' dispute pursuant to the doctrine of unclean hands?

## DISCUSSION

Mother contends the Court of Appeals erred in justifying the family court's continued exercise of jurisdiction over the parties' dispute pursuant to the doctrine of unclean hands based on her failure to give Father 60 days' notice before moving out of state. Mother argues this finding is not supported by the record. We agree.

The Court of Appeals held Mother was a resident of South Carolina pursuant to the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C.A. § 1738(A) (1988) and the Uniform Child Custody Jurisdiction Act (UCCJA), S.C.Code Ann. §§ 20–7–782, *et seq.* (1985), and, therefore, the family court had subject matter jurisdiction over the case.

As additional support for the family court's exercise of jurisdiction in this case, the Court of Appeals noted other states have applied the doctrine of unclean hands to jurisdictional issues raised pursuant to the PKPA and UCCJA. Not-

ing the original custody order in this case required Mother to provide 60 days' notice before taking the child out of the jurisdiction, and finding the record indicated no such notice was provided, the Court of Appeals held they would not consider Mother's sudden move to North Carolina on the eve of Father's filing of his complaint for custody, without notice to Father, as a change of residence under the PKPA.

We hold the record does not support the Court of Appeals' finding that Mother failed to give proper notice to Father of her move to North Carolina. Rather, Father's affidavit, submitted in support of an emergency change of custody, stated Mother provided notice to him in August 1998 of her plan to move to North Carolina. Sometime between September and October 1998, Mother moved to North Carolina. However, the *ex parte* order was not entered until August 2000. *See Wooten v. Wooten,* 364 S.C. 532, 615 S.E.2d 98 (2005) (in appeals from family court, an appellate court has the authority to find the facts in accordance with its own view of the preponderance of the evidence). Accordingly, we vacate that portion of the Court of Appeals' opinion further supporting the exercise of jurisdiction in this case pursuant to the doctrine of unclean hands. However, we affirm the remainder of the opinion holding the family court properly found it had subject matter jurisdiction to entertain the dispute.

## AFFIRMED IN PART; VACATED IN PART.

TOAL, C.J., MOORE, WALLER and PLEICONES, JJ., concur.

BEATTY, J., not participating.