678 S.E.2d 460

**Valerie RUSSELL, f/k/a Valerie Cox, Appellant,**

v.

**Alan Lee COX, Respondent.**

**No. 4535.**

Court of Appeals of South Carolina.

Submitted April 1, 2009.

Decided April 27, 2009.

Thomas F. Allgood, Jr., of Augusta, for Appellant.

Vicki J. Snelgrove, of Aiken, for Respondent.

THOMAS, J.

Valerie Russell, f/k/a Valerie Cox (Mother), appeals the family court's dismissal of her action to register and modify a foreign divorce and custody order. We affirm.[1]

## FACTS AND PROCEDURAL HISTORY

Mother and Alan Lee Cox (Father) are the parents of a daughter (Child) born March 3, 2004, and were divorced in Glynn County, Georgia, on February 28, 2006. Pursuant to the final judgment and decree, Father received sole custody of Child. Mother was ordered to pay child support and received strictly supervised visitation. The visitation was to take place the second Saturday and Sunday of each month for three hours on each day at a location in North Augusta, South Carolina, as designated by Father. Furthermore, as noted in the decree, Father was a full-time medical student residing in North Augusta at the time of the divorce.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

After the divorce, Mother moved from Georgia to Florida and married her current spouse on February 29, 2008. On March 23, 2008, Mother brought this action in the Aiken County Family Court seeking registration in South Carolina of the Georgia divorce decree and custody order and modification of the custody and visitation provisions of the order. In her complaint, Mother asserted she currently resided in Florida, Father resided in South Carolina, and Child resided with Father's parents, who lived in Aiken County, South Carolina. Mother sought custody of Child and, in the alternative, removal of the supervision restrictions on her visitation privileges.

On April 9, 2008, Father answered and counterclaimed, requesting among other relief that the action be dismissed because "[t]he child and parents still have significant connections with the State of Georgia and substantial evidence relating to the child's care, protection, training and personal relationships are in the State of Georgia."

The family court held a hearing in the matter on April 15, 2008. By order dated May 7, 2008, and filed May 8, 2008, the family court denied Mother's motion for registration and modification of the Georgia order and granted Father's motion to dismiss the action. Mother appeals.

## LAW/ANALYSIS

### I. Jurisdiction

Mother first argues the family court, in declining to exercise jurisdiction over this matter, placed undue emphasis on evidence that Father was domiciled in Georgia and improperly ignored evidence that Father and Child now resided in South Carolina. We agree with Mother that Father's domicile was not relevant to a determination of jurisdiction; however, we uphold the family court's dismissal of this action based on its finding that Father has remained a resident of Georgia.

Under the Uniform Child Custody Jurisdiction and Enforcement Act (the Act), which took effect in this State on June 8, 2007, a South Carolina family court, except in certain situations not applicable here, may not modify a custody order issued by a court of another state unless a court of this State has jurisdiction to make an initial custody determination under

the Act and (1) the court of the issuing state determines either that it no longer has continuing jurisdiction or that a court of this State would be a more convenient forum; *or* (2) either a South Carolina court or a court of the issuing state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the issuing state. S.C.Code Ann. § 63–15–334 (formerly S.C.Code Ann. § 20–7–6034) (Supp.2007 and 2008).[2]

There appears to be no dispute in the present case that a South Carolina family court could exercise jurisdiction to make an initial custody determination. Both Father and Child have continuously resided in South Carolina for several years preceding the filing of this lawsuit. Furthermore, there is no indication in the record before us that a Georgia court has ruled whether or not Georgia has continuing jurisdiction over the matter, whether or not South Carolina would be a more convenient forum, or whether or not anyone connected with the matter presently resides in Georgia. The only question here is whether the South Carolina family court correctly found that Father, notwithstanding significant evidence that he currently resided in South Carolina, was still a resident of Georgia as well. We hold the family court's determination was correct.[3]

■■ " '[R]esidence' is a more elastic and flexible term than domicile or citizenship. A person may have only one domicile, but may have several residences." *Cook v. Fed. Ins. Co.,* 263 S.C. 575, 582, 211 S.E.2d 881, 884 (1975). Although there are no cases as yet from this jurisdiction that expressly define the phrase "presently reside" as that language is used in the Act, we do not believe the legislature intended that this term apply only to those situations in which all parties to the

---

**2.** Georgia adopted the Uniform Child Custody Jurisdiction and Enforcement Act in 2001. *See Hall v. Wellborn,* 295 Ga.App. 884, 673 S.E.2d 341, 342 (2009).

**3.** We recognize the family court attempted to justify its ruling by making several references to Father's status as a Georgia domicile; however, the court also specifically found Father "has not abandoned his residency in the State of Georgia." Although the court may have erroneously equated the concepts of residence and domicile, we believe the appealed order had sufficient findings of fact to the effect that Father, for purposes of the Act, presently resided in Georgia.

dispute are physically present within the borders of the state whose jurisdiction is at issue. *See* S.C.Code Ann. § 63–15–330(C) (formerly S.C.Code Ann. § 20–7–6030(C)) (Supp.2007 and 2008) ("Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination.").

Based on our review of the record, we hold there is sufficient evidence to support the family court's determination that Father has remained a resident of Georgia during this litigation. He owns real estate in Georgia, where he is also registered to vote. Furthermore, he continues to hold a Georgia driver's license, is paid by the United States Defense and Accounting Office as a Georgia resident, and files his income taxes listing Georgia as his state of residence. In addition, as evidenced by a statement from the registrar of the Medical College of Georgia, Father is enrolled as a full-time student and expects to receive his Doctor of Medicine degree on May 8, 2009. Also significant is the fact that, although on his student loan application Father stated his "permanent city" was North Augusta, South Carolina, he listed Georgia as his state of legal residence.

Finally, we are mindful of the long-standing deference courts of this State have "given to the jurisdiction of the state that initially rules on a custody matter." *Widdicombe v. Tucker–Cales,* 366 S.C. 75, 87, 620 S.E.2d 333, 339–40 (Ct.App. 2005), *vacated in part on other grounds,* 375 S.C. 427, 653 S.E.2d 276 (2007); *see also Clay v. Burckle,* 369 S.C. 651, 658, 633 S.E.2d 173, 177 (Ct.App.2006) (holding that because the state that issued the initial custody order properly continued to exercise jurisdiction in the matter, South Carolina lacked authority to modify the custody decision); *Sinclair v. Albrecht,* 287 S.C. 20, 23, 336 S.E.2d 485, 487 (Ct.App.1985) ("Although more than one state may meet these jurisdictional requirements, once a custody decree has been entered, the continuing jurisdiction of the decree state is exclusive."). In our view, the enactment of the Act in this State has only enhanced this deference because now modification of a custody decision from another jurisdiction can occur only upon the satisfaction of certain specified conditions.

## II. Convenience of the Forum

Mother next argues the family court erred in finding that Georgia is the more convenient forum to litigate this dispute and, in so doing, incorrectly determined that Georgia should retain jurisdiction in the matter. We disagree.

Under section 63–15–342 of the South Carolina Code, "[a] court of this State, which has jurisdiction under this article to make a child custody determination, may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." S.C.Code Ann. § 63–15–342(A) (formerly § 20–7–6042(A)) (Supp.2007 and 2008).

Assuming without deciding that South Carolina had jurisdiction under the Act to adjudicate this matter, we hold the family court acted within its discretion in declining to exercise this jurisdiction based on a finding that Georgia was the more convenient forum. *See Charest v. Charest*, 329 S.C. 511, 516, 495 S.E.2d 784, 786 (Ct.App.1997) ("The family court in its discretion may enter an order declining to exercise jurisdiction based on a finding that it is an inconvenient forum, which this Court will uphold absent an abuse of that discretion."). All the prior litigation in this case took place in Georgia, and it appears undisputed that the Georgia court continues to monitor Mother's child support obligation. Furthermore, as Mother admitted in her affidavit, many of her visits with Child now take place in Georgia.

### CONCLUSION

Based on our determination that Father has remained a Georgia resident throughout this litigation, we affirm the family court's ruling that Georgia should retain jurisdiction over this matter. We further hold the family court did not abuse its discretion in finding Georgia was the more convenient forum to litigate this dispute.

**AFFIRMED.**

SHORT and GEATHERS, JJ., concur.