**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bilqiys Muhammad, Respondent,

v.

Donald Franklin, Appellant.

Appellate Case No. 2014-001705

_____

Appeal From Allendale County
Gerald C. Smoak, Jr., Family Court Judge

_____

Unpublished Opinion No. 2016-UP-140
Heard February 10, 2016 – Filed March 30, 2016

_____

**AFFIRMED**

_____

Lawrence Keitt, of Law Office of Lawrence Keitt, of Orangeburg, for Appellant.

Daniel W. Luginbill and Lauren Bailey Dangerfield, both of Wilson & Luginbill, LLC, of Bamberg, for Respondent.

_____

**PER CURIAM:** In this interstate custody case, Donald Franklin (Father) appeals the family court's order granting sole legal and physical custody of the parties' minor child to Bilqiys Muhammad (Mother). Father argues the family court erroneously (1) failed to make an independent determination as to Pennsylvania's

jurisdiction to issue a custody order and (2) applied South Carolina law when determining the validity of the Pennsylvania court's custody order.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the South Carolina family court erred in failing to make an independent determination as to Pennsylvania's jurisdiction to issue a custody order:  *Anthony H. v. Matthew G.*, 397 S.C. 447, 451, 725 S.E.2d 132, 134 (Ct. App. 2012) (stating the Parental Kidnapping Prevention Act (PKPA)[1] and the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA)[2] "govern subject matter jurisdiction in interstate child custody disputes"); *id.* ("The PKPA is primarily concerned with when full faith and credit should be given to another [s]tate's custody determination." (alteration in original) (quoting *Doe v. Baby Girl*, 376 S.C. 267, 278, 657 S.E.2d 455, 461 (2008))); *id.* ("The UCCJEA's primary purpose is to provide uniformity of the law with respect to child custody decrees between courts in different states." (citing S.C. Code Ann. § 63-15-390 (2010))); S.C. Code Ann. § 63-15-330(A) (2010)[3] ("[A] court of this State has jurisdiction to make an initial child custody determination only if:  (1) this State is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this State, but a parent or person acting as a parent continues to live in this State; (2) a court of another state does not have jurisdiction under item (1), or a court of the home state of the child has declined to exercise jurisdiction . . . ; (3) all courts, having jurisdiction under item (1) or (2), have declined to exercise jurisdiction . . . ; or (4) no court of any other state would have jurisdiction under the criteria specified in item (1), (2), or (3)."); S.C. Code Ann. §

---

[1] 28 U.S.C. § 1738A (2006).

[2] The UCCJEA—which became effective in South Carolina in 2007 and in Pennsylvania in 2004—revised the law on child custody jurisdiction in light of the PKPA and created a uniform method for interstate enforcement of custody determinations.  *See* 28 U.S.C. § 1738(A) (2006); 23 Pa. Cons. Stat. § 5401 (2004); S.C. Code Ann. § 63-15-300 (2010).

[3] Pennsylvania's UCCJEA statute, 23 Pa. Cons. Stat. § 5421(c) (2004), is substantially similar to the language of South Carolina's UCCJEA statute, S.C. Code Ann. § 63-15-330 (2010).

63-15-330(C) (2010)[4] ("Physical presence of, or personal jurisdiction over, a party or a child is not necessary or sufficient to make a child custody determination.");

S.C. Code Ann. § 63-15-302(8) (2010)[5] ("'Initial determination' means the first child custody determination concerning a particular child."); S.C. Code Ann. § 63-15-302(7) (2010) ("'Home state' means the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. . . . A period of temporary absence of any of the mentioned persons is part of the period."); S.C. Code Ann. § 63-15-302(5) (2010) ("'Commencement' means the filing of the first pleading in a proceeding.").

2.  As to whether the family court erroneously applied South Carolina law when determining the validity of the Pennsylvania court's custody order:  *Russell v. Cox*, 383 S.C. 215, 217–18, 678 S.E.2d 460, 462 (Ct. App. 2009) ("Under the [UCCJEA], . . . a South Carolina family court, except in certain situations . . . , may not modify a custody order issued by a court of another state unless a court of this State has jurisdiction to make an initial custody determination under the [UCCJEA] and (1) the court of the issuing state determines either that it no longer has continuing jurisdiction or that a court of this State would be a more convenient forum; *or* (2) either a South Carolina court or a court of the issuing state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the issuing state." (citing S.C. Code Ann. § 63-15-334 (Supp. 2007 & 2008))); *id.* at 219, 678 S.E.2d at 463 (stating that because the state that issued the initial custody order properly continued to exercise jurisdiction in the matter, South Carolina lacked authority to modify the custody decision (citing *Clay v. Burckle*, 369 S.C. 651, 658, 633 S.E.2d 173, 177 (Ct. App. 2006))).

**AFFIRMED.**

**WILLIAMS, LOCKEMY, and MCDONALD, JJ., concur.**

---

[4] *See* 23 Pa. Cons. Stat. § 5421(c).

[5] *Compare* S.C. Code Ann. § 63-15-302(5), (7), (8) (2010) (defining "initial determination," "home state," and "commencement"), *with* 23 Pa. Cons. Stat. § 5402 (2004) (defining the same terms).