**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Henry David Still, V, Appellant,

v.

Barbara Wrenn Vaughn, personal representative of the Estate of Barbara B. Still, and personal representative of the Estate of Henry David Still, IV, Respondent.

Appellate Case No. 2018-000500

———

Appeal From Barnwell County
Doyet A. Early, III, Circuit Court Judge

———

Unpublished Opinion No. 2021-UP-399
Heard November 10, 2020 – Filed November 10, 2021

———

**AFFIRMED**

———

Forrest Truett Nettles, II, of Rosen Hagood, LLC, of Charleston, for Appellant.

Richard B. Ness, Alison Dennis Hood, and Richard Aaron Ness, all of Ness & Jett, LLC, of Bamberg, for Respondent.

———

**PER CURIAM:** Henry David Still, V (Son) appeals the circuit court's dismissal of his action to contest his mother's will, arguing (1) section 62-1-302(a) of the

South Carolina Code (Supp. 2020) provides an exception to the probate court's exclusive jurisdiction, such that the circuit court could adjudicate his claims and (2) Rule 82, SCRCP, required the circuit court to transfer the case to the probate court, rather than dismiss it. We affirm.

**Facts and Procedural History**

On September 17, 2015, Barbara B. Still (Mother) died; Henry David Still, IV (Father) subsequently filed her will in the probate court on September 30, 2015. On January 6, 2016, Father filed an application for informal probate of Mother's estate.

On February 3, 2016, Son filed an action in circuit court against Father and Mother's estate to invalidate five deeds Mother purportedly executed in August 2015 and to invalidate Mother's "fraudulent will" probated by Father (the Original Case). On March 24, 2016, Father answered, denying the allegations of the complaint and asserting Rule 12(b)(6), SCRCP, as an affirmative defense.

In August 2016, Father died, and Barbara Wrenn Vaughn (Granddaughter) was appointed personal representative of both Father's and Mother's estates. Granddaughter was subsequently substituted for Father in this action.

On June 5, 2017, Granddaughter moved for summary judgment in the Original Case, which the circuit court denied. On August 4, 2017, Granddaughter filed a motion to reconsider and raised the issue of subject matter jurisdiction.

On July 11, 2017, Son filed a petition for formal probate of Mother's estate. On July 13, 2017, Son filed a petition and complaint in probate court against Cynthia Boots and Granddaughter for formal probate of a missing will, alleging Mother executed a prior valid will contradicting the "fraudulent" will Father filed in the informal probate of Mother's estate. The probate court removed this case to circuit court (the Removed Case). On September 22, 2017, Granddaughter moved for summary judgment in the Removed Case, asserting it was untimely under section 62-3-108(A)(2)(c) of the South Carolina Code (Supp. 2020).[1]

---

[1] "Notwithstanding any other provision of this section: . . . . (c) a proceeding to contest an informally probated will and to secure appointment of the person with legal priority for appointment in the event the contest is successful may be commenced within eight months from informal probate or one year from the decedent's death, whichever is later." § 62-3-108(A)(2)(c).

On November 6, 2017, the circuit court held a hearing on the motion to reconsider its denial of summary judgment in the Original Case and Granddaughter's motion for summary judgment in the Removed Case. Son conceded, "I agree with the Court. You know, it might be a clean way to resolve all this, just dismiss [the Removed Case] and let's go forward on [the Original Case], the 2016 case which, was timely filed." The circuit court stated, "All right. I will grant the summary judgment as to [the Removed Case]. I will now hear your motion to reconsider my denial of summary judgment on [the Original Case]." By Form 4 order filed November 6, 2017, the circuit court granted Granddaughter's summary judgment motion in the Removed Case, finding "the claim was not timely filed."

By order filed December 6, 2017, the circuit court granted summary judgment to Granddaughter on Son's will contest action (the Original Case), finding the circuit court lacked subject matter jurisdiction to hear the matter. On December 12, 2017, Son moved to reconsider. The circuit court denied Son's motion by order dated February 22, 2018.

**Standard of Review**

"Whether a court has subject matter jurisdiction is a question of law we review de novo." *Deborah Dereede Living Tr. dated Dec. 18, 2013 v. Karp*, 427 S.C. 336, 346, 831 S.E.2d 435, 441 (Ct. App. 2019).

**I. Jurisdiction**

Son's appellate counsel argues section 62-1-302(a) provides an exception to the probate court's exclusive jurisdiction and thus, the circuit court had subject matter jurisdiction to adjudicate Son's Original Case. Son further contends section 62-3-804(3) of the South Carolina Code (Supp. 2020), governing the presentation of claims for payment against an estate, allowed him to file the will contest in circuit court. We disagree.

"Subject matter jurisdiction is 'the power to hear and determine cases of the general class to which the proceedings in question belong.'" *Gantt v. Selph*, 423 S.C. 333, 337, 814 S.E.2d 523, 525 (2018) (quoting *Dove v. Gold Kist, Inc.*, 314 S.C. 235, 237–38, 442 S.E.2d 598, 600 (1994)). "The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law." S.C. Const. art. V, § 1. "The Circuit Court shall be a general trial court with original jurisdiction in civil and criminal cases, except those cases

in which exclusive jurisdiction shall be given to inferior courts, and shall have such appellate jurisdiction as provided by law." S.C. Const. art. V, § 11.

The probate court is not a constitutional court; thus, its subject matter jurisdiction is defined by statute. *Judy v. Judy*, 393 S.C. 160, 169, 712 S.E.2d 408, 412 (2011). The Probate Code provides:

> To the full extent permitted by the Constitution, and except as otherwise specifically provided, the probate court has exclusive original jurisdiction over all subject matter related to:
>
> > (1) estates of decedents, *including the contest of wills*, construction of wills, determination of property in which the estate of a decedent or a protected person has an interest, and determination of heirs and successors of decedents and estates of protected persons, except that the circuit court also has jurisdiction to determine heirs and successors as necessary to resolve real estate matters, including partition, quiet title, and other actions pending in the circuit court . . . .

S.C. Code Ann. § 62-1-302(a)(1) (Supp. 2020) (emphasis added). However, some matters may be removed to the circuit court:

> (d) Notwithstanding the exclusive jurisdiction of the probate court over the foregoing matters, any action or proceeding filed in the probate court and relating to the following subject matters, on motion of a party, or by the court on its own motion, made not later than ten days following the date on which all responsive pleadings must be filed, must be removed to the circuit court and in these cases the circuit court shall proceed upon the matter de novo:
>
> > (1) formal proceedings for the probate of wills and for the appointment of general personal representatives;

(2) construction of wills;

(3) actions to try title concerning property in which the estate of a decedent or protected person asserts an interest;

(4) matters involving the internal or external affairs of trusts as provided in Section 62-7-201, excluding matters involving the establishment of a "special needs trust" as described in Article 7;

(5) actions in which a party has a right to trial by jury and which involve an amount in controversy of at least five thousand dollars in value; and

(6) actions concerning gifts made pursuant to the South Carolina Uniform Gifts to Minors Act, Article 5, Chapter 5, Title 63.

(e) The removal to the circuit court of an action or proceeding within the exclusive jurisdiction of the probate court applies only to the particular action or proceeding removed, and the probate court otherwise retains continuing exclusive jurisdiction.

(f) Notwithstanding the exclusive jurisdiction of the probate court over the matters set forth in subsections (a) through (c), if an action described in subsection (d) is removed to the circuit court by motion of a party, or by the probate court on its own motion, the probate court may, in its discretion, remove any other related matter or matters which are before the probate court to the circuit court if the probate court finds that the removal of such related matter or matters would be in the best interest of the estate or in the interest of judicial economy. For any matter removed by the probate court to the circuit court pursuant to this subsection, the circuit court shall proceed upon the matter de novo.

S.C. Code Ann. § 62-1-302(d)-(f) (Supp. 2020).  A Reporter's comment to this section explains:

> This section clearly states the subject matter jurisdiction of the probate court.  It should be noted that the probate court has "exclusive original jurisdiction" over the matters enumerated in this section.  This means, when read with the other Code provisions (such as subsection (c) of this section and Section 62-3-105), that matters within the original jurisdiction of the probate court must be brought in that court, subject to certain provisions made for removal to the circuit court by the probate court or on motion of any party.

§ 62-1-302 cmt.

Here, Son's second cause of action in the Original Case was an action to contest Mother's will.  Son alleged Father probated "a fraudulent will," Father destroyed or hid Mother's true will in which she left her entire estate to Son, and Father "created either by undue influence, lack of capacity, or forgery a second will leaving [Mother's] entire estate to [Father]."  Son sought an order invalidating the informally probated will.  Although a will contest action may be removed to circuit court under certain circumstances, the Probate Code requires that a will contest action be initiated in the probate court.  § 62-1-302(a)(1) (stating that the probate court has exclusive original jurisdiction over an action to contest a will); § 62-1-302(f) (providing for removal from probate court to circuit court of certain matters notwithstanding the exclusive jurisdiction of the probate court).  Therefore, the circuit court lacked subject matter jurisdiction over the will contest action in the Original Case because it was not initially filed in the probate court.

Section 62-3-804(3) does not change this result as a will contest is not a claim against an estate.  *See* § 62-3-804 (describing the procedures for bringing claims against an estate); S.C. Code Ann. § 62-1-201(4) (Supp. 2020) (defining the term "claims" "in respect to estates of decedents and protected persons, [to include] liabilities of the decedent or protected person whether arising in contract, in tort, or otherwise, and liabilities of the estate which arise at or after the death of the decedent or after the appointment of a conservator, including funeral expenses and expenses of administration.  The term does not include estate or inheritance taxes, or demands or disputes regarding title of a decedent or protected person to specific assets alleged to be included in the estate.").

## II. Dismissal

Son argues Rule 82, SCRCP, required the circuit court to transfer the case to the probate court, rather than dismiss it. We disagree.

Rule 82(b), SCRCP, allows the circuit court to transfer a case if it is filed in the wrong county or court. *See* Rule 82(b), SCRCP ("When an action is brought in the wrong county or in the wrong court, the court shall not dismiss the action but shall transfer it to any proper county or court in which it could have been brought."). However, the circuit court in this case did not have the authority to transfer the case to probate court because it lacked subject matter jurisdiction to act in the will contest action. *See* Rule 12(h)(3), SCRCP ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *S.C. Dep't of Soc. Servs. v. Tran*, 418 S.C. 308, 314, 792 S.E.2d 254, 257 (Ct. App. 2016) ("A court without subject matter jurisdiction does not have authority to act.").

## Conclusion

Based on the foregoing, the circuit court's order is

**AFFIRMED.**

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**