**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Norma A. Estrada Baez, Appellant,

v.

Oscar Serralde Solano, Respondent.

Appellate Case No. 2023-001975

———————

Appeal From Aiken County
Angela W. Abstance, Family Court Judge

———————

Unpublished Opinion No. 2024-UP-283
Submitted July 24, 2024 – Filed July 26, 2024

———————

**AFFIRMED**

———————

Jessie J. Glenn, of Glenn Law Firm, LLC, of Aiken, for Appellant.

Oscar Serralde Solano, of Tlalnepantla de Baz, Mexico, pro se.

———————

**PER CURIAM:** Norma A. Estrada Baez (Mother) appeals an order of the family court finding it did not have jurisdiction to grant her custody of her minor child (Child) because Mexico had already done so, and therefore, it did not have jurisdiction to make Mother's requested findings pertaining to Special Immigrant Juvenile (SIJ) status for Child. On appeal, Mother argues the family court erred by

(1) dismissing the matter for lack of jurisdiction because Child had been abused or neglected pursuant to South Carolina law and the parties agreed Mother should have custody, (2) finding there was no case or controversy to be adjudicated, and (3) finding it lacked jurisdiction over the matter because the complaint failed to allege a substantial change of circumstances and the possible out-of-country custody order was not filed with the family court.  We affirm.

Mother commenced this action by filing a complaint in the family court seeking "a decree stating that she is to have custody of [Child]" and requesting the family court make the additional findings necessary for Child to pursue SIJ status.[1] Mother's complaint further asserted that when she and Father were divorced in Mexico in 2015, the Mexican court adjudicated the issue of custody and visitation; she later testified she and Father were awarded joint custody, although she stated she had never received a written custody order.  Father, who was still living in Mexico, answered the complaint and agreed with Mother's statement of the facts and her request for custody.

The family court initially found there was "no justiciable case and controversy" because Mexico had already granted custody of Child to Mother and stated it was "unable to determine that jurisdiction [wa]s even proper in this case."  At the hearing on Mother's motion to alter or amend the judgment, the family court allowed Mother to reopen the record to present additional evidence and testimony; however, Mother did not amend her complaint to request additional relief or move to conform her pleadings to the evidence in order to seek a finding against Father for purposes of *changing* custody or visitation, re-establishing child support, or terminating Father's rights.  The family court denied the motion to alter or amend, noting Mother presented only one cause of action in her complaint—her request for custody— and did not ask to register the Mexican order in South Carolina for enforcement.  The family court again stated it could not "issue an order placing [Child] in the custody of Mother because Mexico ha[d] already issued an order of custody and one parent remain[ed] a resident of Mexico."  It further declined to make the additional requested SIJ findings, stating it did not have jurisdiction to make such findings "in a vacuum when there [wa]s no issue of custody, visitation, child support, enforcement, or divorce to decide."

---

[1] *See* 8 U.S.C. § 1101(a)(27)(J)(i)-(ii) (setting forth the qualifications for SIJ status); 8 C.F.R. § 204.11(a), (c), (d) (detailing the steps required to apply for SIJ status and the findings required to be made in the state juvenile court order).

We hold the family court correctly determined it did not have jurisdiction over this action because, pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act[2] (UCCJEA), Mexico had exclusive jurisdiction over child custody determinations involving Child. *See* S.C. Code Ann. § 63-3-510(A)(1)(e) (Supp. 2023) (explaining South Carolina has "exclusive original jurisdiction" over children living in the state "whose custody is the subject of controversy, except in those cases where the law now gives other courts concurrent jurisdiction"); § 63-15-308(A) (stating that under the UCCJEA, our courts "treat a foreign country as if it were a state of the United States for the purpose of" determining jurisdiction); *Russell v. Cox*, 383 S.C. 215, 217-18, 678 S.E.2d 460, 462 (Ct. App. 2009) ("[A] South Carolina family court . . . may not modify a custody order issued by a court of another state unless a court of this [s]tate has jurisdiction to make an initial custody determination under the [UCCJEA] and (1) the court of the issuing state determines either that it no longer has continuing jurisdiction or that a court of this [s]tate would be a more convenient forum; or (2) either a South Carolina court or a court of the issuing state determines that the child [and] the child's parents . . . do not presently reside in the issuing state.").[3]  Accordingly, the family court properly dismissed the action.  Because our holding regarding jurisdiction is dispositive, we decline to address Mother's remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

---

[2] S.C. Code Ann. §§ 63-15-300 to 63-15-394 (2010).

[3] Mother also argues section 63-3-510 of the South Carolina Code gave the family court concurrent jurisdiction over Child. *See* S.C. Code Ann. § 63-3-510(A)(1)(a) (Supp. 2023) (stating the family court has "exclusive original jurisdiction" for actions "concerning any child living or found within the geographical limits of its jurisdiction . . . who is neglected as to proper or necessary support" or "who is abandoned by his parent or other custodian").  First, we note Mother did not make this argument to the family court. *See Herron v. Century BMW*, 395 S.C. 461, 465, 719 S.E.2d 640, 642 (2011) ("It is 'axiomatic that an issue cannot be raised for the first time on appeal.'" (quoting *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998))).  Additionally, we do not find section 63-3-510(A)(1)(a) gives the family court the ability to ignore the Mexican court's custody determination, particularly when the UCCJEA provides for temporary emergency jurisdiction when necessary to protect a child that has been abandoned or is otherwise in need of protection. *See* § 63-15-336(A).  Mother did not allege any emergency, nor did she ever request the family court exercise temporary emergency jurisdiction over Child.

**AFFIRMED.**[4]

**WILLIAMS, C.J., and KONDUROS and TURNER, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.